## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL LEE LOWRY, | | No. 4:26-CV-00066 |
| Petitioner, | | (Chief Judge Brann) |
| v. | | |
| SUPERINTENDENT SCI COAL TOWNSHIP, | | |
| Respondent. | | |

## MEMORANDUM OPINION

### JUNE 15, 2026

Petitioner Samuel Lee Lowry is currently incarcerated at the State

Correctional Institution, Forest (SCI Forest), located in Marienville, Pennsylvania.

He filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 while incarcerated at SCI Coal Township, located in the Middle

District of Pennsylvania.  Lowry alleges that his constitutional rights were violated

during disciplinary proceedings at SCI Coal Township.  The Court will dismiss

Lowry's Section 2254 petition for lack of habeas jurisdiction.

## I.    BACKGROUND

As noted, Lowry is currently incarcerated at SCI Forest, but when he filed

his Section 2254 petition he was confined in the Middle District of Pennsylvania at

SCI Coal Township.  He initially lodged the instant Section 2254 petition in the

United States District Court for the Eastern District of Pennsylvania.[1]  The Eastern District promptly transferred the case to this Court, where Lowry's petition should have been filed in the first instance.[2]

Lowry asserts that he was charged with a misconduct for an incident that occurred on December 14, 2024, and was subsequently found guilty of that disciplinary offense ("assault") after a hearing on December 17, 2024.[3]  He pled "not guilty," but the hearing examiner determined that he had committed the charged offense and sentenced him to 90 days' disciplinary custody.[4]

Lowry appealed, but his appeals to the Program Review Committee (PRC) and the Superintendent of SCI Coal Township were denied.[5]  Although Lowry attempted to file an appeal to final review with the Chief Hearing Officer for the Pennsylvania Department of Corrections (DOC), it does not appear that he ever properly filed that appeal or received a determination on the merits.[6]  Instead, his three appeal attempts to the Chief Hearing Officer were summarily rejected for various procedural defects, which defects Lowry apparently failed to cure.[7]

---

[1]  *See generally* Doc. 2.
[2]  *See* Doc. 6 & n.1.
[3]  *See* Doc. 2 at 1, 21, 23.
[4]  *See id.* at 23.
[5]  *See id.* at 24-25.
[6]  *See id.* at 26-33.
[7]  *See id.*  For this reason, Lowry likely failed to exhaust administrative remedies and procedurally defaulted his claims, providing an additional basis on which to dismiss the instant habeas petition. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760, 762 (3d Cir. 1996). It also appears that Lowry failed to present his constitutional claims to any state court before

Lowry filed the instant Section 2254 petition in January 2026. He asserts that the disciplinary proceedings at SCI Coal Township violated his Fourteenth Amendment procedural due process rights, as well as the Double Jeopardy Clause, the Sixth Amendment right to call witnesses, and the Fourth and Eighth Amendments.[8] The Court cannot entertain any of Lowry's claims because there is no habeas jurisdiction for his Section 2254 petition.

## II.    DISCUSSION

Under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, the district court must promptly review Section 2254 petitions and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[9] Upon Rule 4 review of Lowry's habeas petition and attached exhibits, the Court must dismiss the petition because habeas jurisdiction is lacking.

Section 2254 authorizes a federal court to issue a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of

---

filing his federal habeas petition, likewise reflecting procedural default of his claims. *See* 28 U.S.C. § 2254(b)(1)(A); *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002).

[8]    *See* Doc. 2 at 16-18.

[9]    28 U.S.C. § 2254 Rule 4.

3

the United States."[10]  A habeas corpus petition is appropriate when the petitioner

"is challenging the very fact or duration of his physical imprisonment, and the

relief he seeks is a determination that he is entitled to immediate release or a

speedier release from that imprisonment."[11]  Habeas jurisdiction also lies for

certain challenges regarding the execution of a prisoner's sentence.[12]  However, as

the Supreme Court of the United States has explained, habeas corpus is not the

appropriate procedural vehicle where the relief sought would "neither terminat[e]

custody, accelerat[e] the future date of release from custody, nor reduc[e] the level

of custody."[13]

Lowry's Section 2254 petition is not cognizable because the only

punishment he received was 90 days' disciplinary custody.  Lowry was not

subjected to the revocation of good conduct time or any other sanction that could

affect the duration of his confinement or the execution of his sentence.[14]  Notably,

Lowry's Section 2254 petition is silent as to what relief he is seeking.[15]  This is

---

[10]  28 U.S.C. § 2254(a).

[11]  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

[12]  *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005); *Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012) (explaining that claims regarding execution of sentence are cognizable on habeas review when the custodian's "conduct [is] somehow inconsistent with a command or recommendation in the sentencing judgment").

[13]  *Skinner v. Switzer*, 562 U.S. 521, 534 (2011) (alterations in original) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005)).

[14]  *See Preiser*, 411 U.S. at 500; *Sandin v. Conner*, 515 U.S. 472, 486 (1995) (holding that "discipline in segregated confinement d[oes] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest").

[15]  *See* Doc. 2 at 15, 18.

likely because the mere reversal or expungement of a misconduct—without more—would not be proper relief for a Section 2254 petition.  Nor could Lowry utilize a habeas petition to seek monetary damages for the allegedly unlawful disciplinary proceeding and disciplinary custody sanction.[16]

In short, there is no jurisdictional basis for Lowry's Section 2254 petition challenging his state disciplinary proceeding.  Thus, the Court must dismiss Lowry's habeas petition.

## III.    CONCLUSION

For the foregoing reasons, the Court will dismiss Lowry's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court likewise declines to issue a certificate of appealability, as Lowry has failed to make a substantial showing of the denial of a constitutional right,[17] or that "jurists of reason would find it debatable" whether this Court's procedural ruling is correct.[18]  An appropriate Order follows.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
Chief United States District Judge

---

[16]    *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) (noting that a civil action for damages related to an unconstitutional prison disciplinary conviction could lie under 42 U.S.C. § 1983 but that such relief would be inappropriate in an action for a writ of habeas corpus).

[17]    28 U.S.C. § 2253(c)(2).

[18]    *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

5